## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD BRADDY,** | : | **Civil No.  3:16-CV-198** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MICHAEL SCIARILLO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

Reginald Braddy has a singular quality as a litigant. He is both a defendant and a plaintiff in cases that arise out of a single set of facts.

At the outset,  Braddy is a defendant in a pending federal drug trafficking prosecution, United States v. Braddy, et al., 3:14-CR-104. Braddy's criminal case is currently scheduled for trial in May, 2016.

In addition, adopting a highly proactive approach to the litigation of this criminal matter, Braddy has also become a plaintiff, filing a *pro se* civil lawsuit which accuses his accusers of conspiracy, false arrest, invasion of privacy, malicious prosecution and federal wiretap offenses, in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as the federal

wiretapping statute, 18 U.C.S. §2520, and the Federal Tort Claims Act, 28 U.S.C. §1346. (Docs. 1 and 9.) Braddy names as defendants in this lawsuit, the United States along with the prosecutors and investigators assigned to his on-going criminal case, and his factual averments, to the extent that they can be discerned, make it clear that he is attempting to re-litigate his pending criminal case in the guise of this civil lawsuit. Moreover, Braddy's prayer for relief is expansive, and calls for the payment of $200,000,000 in "monetary, compansatory [sic], statutory, and punitive damages." (Doc. 1, p.15.)

Along with his complaint, Braddy has sought leave to proceed *in forma pauperis*. (Doc. 6.) For the reasons set forth below, we will grant Braddy leave to proceed *in forma pauperis*, but   recommend that this complaint be dismissed.

**II.**   **Discussion**

**A.**   **Screening of *Pro Se*  Complaints–Standard of Review**

This Court has an on-going statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials. See 28 U.S.C. §§1915 and 1915A. Specifically, we  must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted."  This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny,</u> 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,</u> 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.,</u> 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."

Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459

U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly,

550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide

some factual grounds for relief which "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative

level." Id.

In considering whether a complaint fails to state a claim upon which relief may

be granted, the Court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn from the complaint are to be construed in the

light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel,

Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a

complaint's bald assertions or legal conclusions when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally

a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." Associated Gen. Contractors of Cal. v. California State Council of

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than

4

labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis. First, the
> factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but
> may disregard any legal conclusions. Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to
> show that the plaintiff has a 'plausible claim for relief.' In other words,
> a complaint must do more than allege the plaintiff's entitlement to relief.
> A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set

forth the 'plausibility' standard for overcoming a motion to dismiss and refined this

approach in Iqbal. The plausibility standard requires the complaint to allege 'enough

facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570,

127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual

pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S.

at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility

that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely

consistent with' a defendant's liability, [ ] 'stops short of the line between possibility

and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d

212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, when a complaint is "illegible or incomprehensible," id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New

Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this court.

## B.   This  Complaint Fails to State A Claim Upon Which Relief Can Be Granted

In this case, dismissal of this complaint is warranted because Braddy's pleading fails on multiple scores to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States. The flaws in the *pro se* complaint lodged by Braddy are discussed separately below.

1. **To the Extent That Braddy Seeks to Re-litigate Claims That Were Addressed in His On-Going Criminal Case, the Doctrine of Collateral Estoppel Applies and Bars Re-litigation of These Matters**

At the outset, Braddy's civil complaint appears to attempt to re-litigate matters which have been addressed in his criminal prosecution, including the lawfulness of court-ordered wiretaps. These issues were was addressed, and resolved against Braddy, in his criminal case when the district court denied a motion to suppress these wiretaps, which challenged their lawfulness, precisely the claim which Braddy is now making in this lawsuit. United States v. Braddy, et al., 3:14-CR-104 (Docs. 441, 502 and 503.)

Braddy cannot use this lawsuit to escape the immutable fact that he previously lost this legal issue in his pending criminal case. To the extent that Braddy's invites us in this civil case to overrule decisions made by the court in his criminal prosecution, Braddy's complaint runs afoul of the doctrine of claim preclusion, collateral estoppel or *res judicata.* In conducting an initial screening assessment of this aspect of Braddy's complaint: " We have the authority to apply the doctrine of claim preclusion or *res judicata sua sponte.* Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir.2002); Ezekoye v. Ocwen Federal Bank FSB, 179 F.App'x 111, 114 (3d Cir.2006) (non precedential). [and] can . . . invoke *res judicata* 'if it is so plain from the language of the complaint and other documents in the district court's files that it

renders the suit frivolous.' <u>Gleash</u>, 308 F.3d at 760." <u>Guider v. Mauer</u>, CIVIL 1:CV-09-1915, 2009 WL 4015568 (M.D. Pa. Nov. 19, 2009).

In our view, upon a preliminary screening review of this lawsuit, the *res judicata*, collateral estoppel and issue preclusion doctrines apply and compel dismissal of any of the previously litigated claims that are made by the plaintiff in this complaint relating to the rulings by the district court in his on-going criminal case, like the rulings concerning the lawfulness of the wiretaps that form part of the basis for the charges pending against Braddy. Collateral estoppel, *res judicata* and issue preclusion are doctrines which play a vital role in litigation. It has long been recognized that "[t]he doctrine[] of . . . collateral estoppel, now  . . termed . . . issue preclusion, 'shar[es] the common goals of judicial economy, predictability, and freedom from harassment....' <u>Gregory v. Chehi</u>, 843 F.2d 111, 116 (3d Cir.1988). Generally speaking, the . . . doctrine of issue preclusion, 'precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted.' <u>Melikian v. Corradetti</u>, 791 F.2d 274, 277 (3d Cir.1986)." <u>Electro-Miniatures Corp. v. Wendon Co., Inc</u>. 889 F.2d 41, 44 (3d. Cir.1989)(citations omitted).

The parameters of this doctrine, which precludes relitigation of certain issues, have been defined by the United States Court of Appeals for the Third Circuit in the following terms:

Issue preclusion, or collateral estoppel, prevents parties from relitigating
an issue that has already been actually litigated. "The prerequisites for
the application of issue preclusion are satisfied when: '(1) the issue
sought to be precluded [is] the same as that involved in the prior action;
(2) that issue [was] actually litigated; (3) it [was] determined by a final
and valid judgment; and (4) the determination [was] essential to the prior
judgment.' " Burlington Northern Railroad Co. v. Hyundai Merch.
Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.1995) (quoting In re Graham,
973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v.
Shore, 439 U.S. 322, 326, n. 5(1979). In its classic form, collateral
estoppel also required "mutuality"-i.e., that the parties on both sides of
the current proceeding be bound by the judgment in the prior proceeding.
Parklane Hosiery, 439 U.S. at 326-27. Under the modern doctrine of
non-mutual issue preclusion, however, a litigant may also be estopped
from advancing a position that he or she has presented and lost in a prior
proceeding against a different adversary. See Blonder-Tongue Labs., Inc.
v. Univ. of Ill. Found., 402 U.S. 313, 324 (1971); Parklane Hosiery, 439
U.S. at 329. For . . . non-mutual issue preclusion [] to apply, the party to
be precluded must have had a "full and fair" opportunity to litigate the
issue in the first action. See Parklane Hosiery, 439 U.S. at 328; Blonder-
Tongue Labs., 402 U.S. at 331.

Peloro v. United States, 488 F.3d 163, 174-5 (3d Cir. 2007).  Stated succinctly,

principles of collateral estoppel compel a later court to honor the an earlier decision

of a matter that was actually litigated.  Dici v. Commonwealth of Pa., 91 F.3d 542 (3d

Cir. 1997). This doctrine, which involves an assessment of the overlap between issues

presented in separate lawsuits, raises essentially legal questions which are often

amenable to resolution by courts as a matter of law. See, e.g., Peloro v. United States,

supra; Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc, supra; Witkowski v.

Welch, 173 F.3d 192, 198-205 (3d Cir. 1999); Burlington Northern Railroad Co. v.

Hyundai Merchant Marine Co., Ltd.,, 63 F.3d 1227, 1231-9 (3d Cir. 1995)(summary judgment, offensive issue preclusion).

Here, we find that Braddy's civil lawsuit simply seeks to re-litigate matters that have been decided against him in his criminal case, including illegal wiretapping claims made by Braddy, both in his criminal case and in this lawsuit. With respect to all of these legal issues raised in the instant complaint the legal requisites for issue preclusion are fully satisfied, since:  " '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5(1979).  Therefore, these claims should all be dismissed.

## 2. Braddy May Not Sue Federal and State Officials for Their Roles in a Criminal Case in Which He Has Not Attained a Favorable Termination.

In addition, this  complaint fails because it rests on a fatally flawed legal premise. At bottom, Braddy seeks to bring a civil rights action against numerous state and federal officials, premised on claims arising out of a pending federal criminal case, a case has not concluded with a favorable termination of these charges for Braddy.

This he cannot do. Quite the contrary, it is well-settled that an essential element

of a civil rights action in this particular setting is that the underlying criminal case

must have been terminated in favor of the civil rights claimant. Therefore, where, as

here, the civil rights plaintiff brings a claim based upon a prior criminal case that did

not conclude favorably for the accused, the plaintiff's claim fails as a matter of law.

The United States Court of Appeals for the Third Circuit has aptly observed in this

regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates
> a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994)
> (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299,
> 305(1986) (internal quotation marks omitted)). Given this close relation
> between § 1983 and tort liability, the Supreme Court has said that the
> common law of torts, "defining the elements of damages and the
> prerequisites for their recovery, provide[s] the appropriate starting point
> for inquiry under § 1983 as well." Heck, 512 U.S. at 483( quoting Carey
> v. Piphus, 435 U.S. 247, 257-58,(1978)). The Supreme Court applied this
> rule in Heck to an inmate's § 1983 suit, which alleged that county
> prosecutors and a state police officer destroyed evidence, used an
> unlawful voice identification procedure, and engaged in other
> misconduct. In deciding whether the inmate could state a claim for those
> alleged violations, the Supreme Court asked what common-law cause of
> action was the closest to the inmate's claim and concluded that
> "malicious prosecution provides the closest analogy ... because unlike
> the related cause of action for false arrest or imprisonment, it permits
> damages for confinement imposed pursuant to legal process." Heck, 512
> U.S. at 484. Looking to the elements of malicious prosecution, the Court
> held that the inmate's claim could not proceed because one requirement
> of malicious prosecution is that the prior criminal proceedings must have
> terminated in the plaintiff's favor, and the inmate in Heck had not
> successfully challenged his criminal conviction. Id.

Hector v. Watt, 235 F.3d 154, 155-156 (3d Cir. 2000).

In this case it is evident from Braddy's complaint that his federal drug prosecution has not terminated favorably for him, since that case is still pending and is scheduled for trial in May, 2016.  Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor", id., the immutable fact that Braddy has not achieved a favorable termination of his federal criminal case compels dismissal of these claims. In short, this complaint is based upon the fundamentally flawed legal premise that Braddy can sue state and federal officials for civil rights violations arising out of his federal prosecution even though he has not prevailed in that underlying criminal case. Since this premise is simply incorrect, Braddy's complaint fails as a matter of law.

## 3.      The Prosecutors Named in This Complaint Are Also Entitled to Immunity From Liability

Moreover, Braddy's complaint fails with respect to the various federal and state prosecutors named in that complaint. While the nature of his claims against these prosecutors is sometimes difficult to discern, it appears that the plaintiff is suing the prosecutors  for the very act of prosecuting him.  This he may not do. It is well-settled that a criminal defendant may not sue prosecutors for their act of filing charges against him since such conduct is cloaked in immunity from civil liability. The immunity conferred upon prosecutors for the quasi-judicial act of filing and bringing criminal charges is broad and sweeping:

> [T]he Supreme Court [has] held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. This immunity extends to acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." Court has noted numerous public policy considerations underlying its extension of absolute immunity to prosecutors: [S]uits against prosecutors for initiating and conducting prosecutions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate"; lawsuits would divert prosecutors' attention and energy away from their important duty of enforcing the criminal law; prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity; and potential liability "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system." ... [T]here are other checks on prosecutorial misconduct, including the criminal law and professional discipline.

Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006)(citations omitted).

Here, we find that Braddy's complaint seeks to hold prosecutors personally liable for their act of prosecuting him. Since these officials are immune from personal, individual liability for their actions in bringing this criminal case against an alleged drug trafficker, Braddy's claims against these defendants arising out of their decision to charge him for drug dealing should also be dismissed.

## C. The Plaintiff's Demand for a Specified Sum of Damages Should be Stricken

Further, we note that the Court should also strike the claims for specific sums of unliquidated damages , $200,000,000, from this *pro se* complaint. In this regard, Rule 12 (f) of the Federal Rules of Civil Procedure imposes a duty on the Court to

review pleadings and provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me. 1984). In this case, the plaintiffs' various claims for specified amounts of unliquidated damages violate Local Rule 8.1 which provides, in part, that:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other.

Local Rule 8.1 (emphasis added).

Since this prayer for relief violates Local Rule 8.1 by specifying particular amounts of unliquidated damages, these specific dollar claims should be stricken from the complaint without prejudice to the plaintiff arguing in any subsequent trial or hearing on the merits for any appropriate amount of damages supported by the evidence.

### D.       The Complaint Should be Dismissed Without Prejudice

In sum, in its current form this complaint fails on numerous scores to state a claim upon which relief may be granted, and Braddy will not be able to state such a claim unless or until his pending federal criminal case terminates in a fashion which

is favorable to this civil plaintiff and criminal defendant. While this screening merits analysis calls for dismissal of this action, we recommend that the dismissal be without prejudice to renewal of this case when Braddy's criminal case concludes, provided Braddy achieves a favorable termination of that case.  We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

## III.    Recommendation

Accordingly, for the foregoing reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED  (Doc. 6), but  IT IS RECOMMENDED that the Plaintiff's complaint be dismissed without prejudice to renewal of this case when Braddy's criminal case concludes, provided Braddy achieves a favorable termination of that case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of April, 2016.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge